**Speakes v. Fisher**

350

C.P. of Monroe County, no. 9692 Civil 1997.

*Patrick Geckle,* for plaintiff.
*Benjamin A. Nicolosi,* for defendant.

WALLACH MILLER, *J.,* December 17, 1998—
Plaintiff filed a complaint on December 24, 1997, alleging a two-vehicle car accident in which he, plaintiff, was allegedly rear-ended by Jean Fisher, defendant, on December 29, 1995. Plaintiff claims to have suffered serious physical injuries and demands damages in excess of $50,000. The plaintiff's wife is also claiming damages for loss of consortium.

At the time of the accident, the plaintiff had in effect an automobile insurance policy in which he had selected the limited tort option which would limit his recovery in case of an accident to economic damages unless he suffered a serious injury.

The issue presented is whether the defendant is entitled to summary judgment on the issue of plaintiff's limited tort election and therefore the plaintiff should be restricted to seeking only economic damages incurred as a result of the car accident.

Summary judgment may be properly granted when there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report. Pa.R.C.P. 1035.2. With respect to the issue of the plaintiff's election of limited tort coverage, if he cannot show that he suffered a serious injury as defined by the applicable statute, summary judgment may be prop-

erly granted as to his claims for noneconomic damages stemming from the accident. Under Pennsylvania law, a serious injury is a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement. 75 Pa.C.S. §1701 et seq.

Under the Superior Court's holding in *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223 (1995), the determination of whether a limited tort elector had suffered a serious injury was one which must initially be made by the trial court judge. This was somewhat changed by the Pennsylvania Supreme Court in *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998). The court held that the threshold determination was to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury had been sustained. The standard for deciding whether reasonable minds could not differ is to review (1) what body function was impaired, and (2) whether the impairment was serious. An impairment need not be permanent to be serious.

In *Washington,* the Pennsylvania Supreme Court applied this standard to the facts presented, including the injuries, and upheld the lower court's grant of summary judgment. The body function that was impaired in *Washington* was the appellant's right foot. The court found that the impairment was such that reasonable minds could not differ in finding that it was not serious, as aside from having to use a riding mower, the appellant was able to engage in his normal daily activities.

We now turn to the question of whether, under the standard outlined in *Washington,* reasonable minds could differ on the conclusion that the plaintiff did or did not suffer a serious injury. Under the facts here presented, we find that they could not. The body part that was impaired as a result of the accident was the plaintiff's neck and lower back. As to whether that impairment was serious, we believe the facts show that

it was not, and reasonable minds could not differ on that issue.

The plaintiff testified in his deposition that he was unable to perform certain activities after the accident. It is unclear, however, whether the plaintiff is still unable to perform these activities without pain or whether he has simply chosen to no longer perform them. It appears that the plaintiff was not a particularly active man even before the accident because he admitted at his deposition that he never engaged in any other activities because he is "lazy." The only tangible effect of the accident that appears to be present today is that plaintiff is required to sit on a pillow when he drives.

More damaging to the plaintiff's claims of a serious injury are the notes provided by his treating physicians. The plaintiff treated with the East Stroudsburg Orthopedic Group on four separate occasions, the final visit taking place on February 14, 1996, less than two months after the accident. The notes of the treating physician state that the plaintiff had no complaints of neck or back pain at that point. The physician also noted that no further therapy would be necessary and the plaintiff could return to work,

Under the standard outlined in *Washington* as applied to these facts, we do not find that the plaintiff has suffered a serious injury and reasonable minds could not differ on that issue. We therefore enter the following order.

## ORDER

And now, December 17, 1998, on the issue of plaintiff's claims for noneconomic damages, the defendant's motion for summary judgment is granted.